OPINION
{¶ 1} Appellant Bridget Groen appeals from the July 6, 2005, Judgment Entry of the Fairfield County Court of Common Pleas, Juvenile Division, which granted permanent custody of appellant's minor child to the Fairfield County Children Services Board [hereinafter the Agency].
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is the biological mother of Monica King (d.o.b. 1/2/04). Monica's father is Timothy King.[1] King and appellant have never been married but are in a current relationship. Groen is currently married to Carl Groen who is serving a prison sentence.
 {¶ 3} The Agency first became involved with Groen when her other three minor children were permanently removed from her custody.[2] Based on the Agency's prior involvement with those three children, Monica King was placed in the emergency custody of the Agency on the day she was born via an ex parte order. On January 5, 2004, the Agency filed a dependency complaint. That same day, Monica was placed in the temporary custody of the agency.
 {¶ 4} On March 11, 2004, the Agency filed a case plan concerning Monica. Both appellant and King participated in the development of the case plan, agreed with the case plan and signed the case plan. The case plan identified the following concerns.
 {¶ 5} The first concern that the Agency had with appellant was her mental health issues. The Agency wanted appellant to have a psychological evaluation and follow all recommendations of the evaluation. In addition, the Agency wanted appellant to attend individual counseling on a consistent basis.
 {¶ 6} The next concern that the Agency had with appellant involved her parenting skills. The Agency wanted appellant to work with the parenting educator and to demonstrate the parenting skills she learned while visiting Monica. In addition, appellant was referred to Parenting Pathways, a parenting education program not affiliated with the Agency.
 {¶ 7} The Agency also wanted appellant to insure that Monica's basic needs were met by maintaining safe and stable housing.
 {¶ 8} On April 1, 2004, Monica was found to be a dependent minor and was placed in the temporary custody of the Agency. Monica remained in the Agency's temporary custody throughout the proceedings.
 {¶ 9} On August 19, 2004, the Agency filed a motion for permanent custody. A trial was set for September 2, 2004. However, pursuant to a series of continuances, the matter was not heard until April 26, 2005. The following evidence was adduced at trial.
 {¶ 10} Appellant submitted to a psychological evaluation. A first psychological evaluation was prepared in July, 2002, in conjunction with appellant's initial involvement with the Agency and appellant's three older children. The second psychological evaluation was prepared in December, 2004, in conjunction with this case. The Agency facilitated appellant with a counselor at Mid-Ohio Psychological Services. From April 22, 2004, to March 22, 2005, appellant had 33 appointments scheduled. However, appellant attended only 12 of the appointments and did not attend 21 of the appointments. As of April 26, 2005, appellant had no future appointments pending.
 {¶ 11} Appellant's psychological evaluations outlined appellant's history of relationships with inappropriate men. Appellant's first romantic relationship was with Chad Iser, Sr. That relationship began when appellant was about 15.[3] It was also reported that Iser had a history of sexual abuse involving appellant's younger sister. Appellant acknowledged that Iser was physically abusive to appellant. Appellant had two children with Iser, although they never married.
 {¶ 12} Appellant's next relationship was with Bill Springer. Appellant reported that the relationship ended after Springer "beat up" appellant's son. It was reported that Springer was very physically abusive to appellant and her children and sexually abusive to appellant.
 {¶ 13} Appellant's next relationship was with Carl Groen. Appellant and Groen were married although appellant is not able to recall the date of the marriage. They had one child together and remain legally married.[4] Groen is in prison. Groen was emotionally abusive to appellant.
 {¶ 14} Appellant's current relationship is with Timothy A. King. Appellant is aware that King is a convicted, registered sexual offender. In addition, King has been physically abusive to appellant. Before Monica King was born, one of the reasons that the Agency had removed appellant's three older children was appellant's decision to allow contact between the children and King.
 {¶ 15} Appellant's three older children were subsequently placed in the permanent custody of the Agency. Appellant did not contest the Agency's motion for permanent custody regarding those three children.[5]
 {¶ 16} The psychological evaluation stated that appellant has essentially never been able to function independently and has historically and consistently relied upon others to meet many of her basic needs. Appellant is unable to provide her own transportation and essentially is unable to manage her money independently. Appellant has utilized others to meet most of her day-to-day needs, frequently abdicating her own safety and personal welfare in order to insure that those needs are met consistently. Psych. Eval., pg. 9.
 {¶ 17} The psychological evaluation showed that appellant functions, both from an intellectual standpoint and an adaptive functioning standpoint, in the mild mental retardation range of intelligence. The evaluation indicated that beyond the level of dependency appellant has on others based on her low cognitive functioning, it appears that she further relies on others to make decisions for her and to direct her in her life. Id.
 {¶ 18} The second psychological evaluation indicated that appellant has evidenced very little significant improvement since her first psychological evaluation. Because of her low cognitive functioning in conjunction with her personality dynamics, the evaluation showed that it was very unlikely that her basic ability to self-care and care for others will change significantly in the foreseeable future. There was no evidence of an established support network, other than her current boyfriend who is an acknowledged sexual offender. The evaluation indicated that appellant appeared to have little insight on how to protect her children from potentially dangerous situations and is unlikely to fully develop this ability because of her cognitive functioning and her difficulty in generalizing information from one situation to the next. Id. at 9-10.
 {¶ 19} Testimony at the trial showed that the Agency provided appellant with a parenting educator to assist appellant in improving her parenting skills. Parenting information was provided in written materials and demonstrated in a "hands on" modeling method. However, appellant failed to retain or utilize the information. Appellant has not attended Parenting Pathways since May, 2004.
 {¶ 20} Evidence showed that since Monica's birth, appellant has lost her HUD housing, has had her telephone service terminated and currently lives in a residence with King with no designated area for Monica. Both appellant and King receive Social Security Disability benefits.
 {¶ 21} Throughout the pendency of the case, Appellant and King were permitted supervised visitation with Monica. Testimony showed that appellant and King were "pretty consistent" in their visitation with Monica. However, evidence showed that Monica was somewhat resistant to go to appellant. Testimony showed that Monica is extremely bonded with her foster family and seems to be more at ease when interacting with her foster family as opposed to her interaction with appellant.
 {¶ 22} Last, we note that a guardian ad litem [hereinafter GAL] was appointed. While the GAL did not testify, the GAL prepared and filed a report. The GAL made the following statements and recommendation in that report:
 {¶ 23} "The mother has significant parenting deficiencies that led to the filing of the dependency and the subsequent placement of the children outside her home. The mother has made little, if any, progress on her case plan. The mother has already lost a previous permanent custody case and has not improved her cognitive functioning or her parenting skills since the previous adjudication. . . .
 {¶ 24} "The child is in need of a legally secure, permanent placement. The child cannot, and should not, be placed with either parent within a reasonable time. This GAL believes that both the mother and the father are incapable of developing the skills necessary to parent their child. Both parents' cognitive difficulties and their diagnoses [sic] psychological problems further limit their abilities to parent to such a degree that they are unlikely to develop sufficient parenting skills within a reasonable period. The father's particular criminal proclivities and his history of inappropriate sexual behavior make him even more unsuitable to parent a female child. Consequently, this GAL believes that a grant of permanent custody to the Fairfield County Children's Services Board will serve the best interests of Monica King." GAL Report, filed April 26, 2005.
 {¶ 25} Upon completion of the trial, the trial court concluded that Monica could not be placed with either of her parents within a reasonable time or should not be placed with either of her parents, pursuant to R.C. 2151.414(E)(1) and/or (16). In addition, the trial court made a finding that Monica had been in the temporary custody of the Agency for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999. Further, the trial court held that it was in the best interest of Monica to permanently terminate appellant's and King's parental rights and place Monica in the permanent custody of the Agency.
 {¶ 26} It is from that decision that appellant appeals, raising the following assignment of error:
 {¶ 27} "I. THE TRIAL COURT'S FINDING THAT THE MINOR CHILDREN COULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE LENGTH OF TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I {¶ 28} In the first assignment of error, appellant argues that the trial court's finding that Monica King could not be placed with appellant within a reasonable time was against the manifest weight of the evidence. Appellant contends that she has complied with all aspects of her case plan. We disagree.
 {¶ 29} Ohio Revised Code Section 2151.414(B)(1), addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows, in relevant part:
 {¶ 30} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing . . . by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 31} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents. . . .
 {¶ 32} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999."
 {¶ 33} In this case, the trial court found that the child could not and should not be placed with either of her parents within a reasonable period of time. Upon review, we find no grounds for reversal.
 {¶ 34} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot be placed with a parent within a reasonable time or should not be placed with a parent. See R.C. 2151.414(B)(1)(a). If the court finds by clear and convincing evidence the existence of any one of the factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent". R.C. 2151.414(E). Thus, the existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. See In re: William S. (1996), 75 Ohio St.3d 95, 661 N.E.2d 738;In re: Hurlow (Sept. 21, 1998), Gallia App. No. 98 CA 6; Inre: Butcher (Apr. 10, 1991), Athens App. No. 1470.
 {¶ 35} If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment.State v. Schiebel, 55 Ohio St.3d 71, 74, 564 N.E.2d 54. Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 36} In this case, the trial court found that R.C.2151.414(E) factors (1) and/or (16) applied. Revised Code 2151.414 Sections (E)(1) and (E)(16), state as follows:
 {¶ 37} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 . . . {¶ 38} "(16) Any other factors the court considers relevant."
 {¶ 39} Upon review, we find that the trial court's finding is supported by competent, credible evidence. The first concern that the Agency had with appellant was her mental health issues. The Agency wanted appellant to have a psychological evaluation and follow all recommendations of the evaluation. The Agency wanted appellant to attend individual counseling on a consistent basis.
 {¶ 40} Appellant submitted to a psychological evaluation, and individual counseling sessions were arranged for appellant with a counselor at Mid-Ohio Psychological Services. From April 22, 2004, to March 22, 2005, appellant had 33 appointments scheduled. However, appellant attended only 12 of the appointments and did not attend 21 of the appointments. As of April 26, 2005, appellant had no future appointments pending.
 {¶ 41} Appellant's three older children have been placed in the permanent custody of the Agency.[6] This occurred, at least in part, because of appellant's relationship with King, a registered sexual offender. Appellant continues to have a relationship with King and lives with King.
 {¶ 42} Evidence showed that appellant has essentially never been able to function independently and has historically and consistently relied upon others to meet many of her basic needs. The second psychological evaluation indicated that appellant has evidenced very little significant improvement since her first psychological evaluation. Because of her low cognitive functioning in conjunction with her personality dynamics, testimony showed that it was very unlikely that her basic ability to self-care and care for others will change significantly in the foreseeable future. There was no evidence of an established support network, other than her current boyfriend who is an acknowledged sexual offender. Testimony indicated that appellant appeared to have little insight on how to protect her children from potentially dangerous situations and is unlikely to fully develop this ability because of her cognitive functioning and her difficulty in generalizing information from one situation to the next.
 {¶ 43} The next concern the Agency had with appellant involved her parenting skills. The Agency wanted appellant to work with a parenting educator and demonstrate the parenting skills learned. Appellant was also referred to Parenting Pathways, a parenting education program not affiliated with the Agency.
 {¶ 44} The Agency provided appellant with the services of a parenting educator. Parenting information was demonstrated in a "hands on" modeling method, and through written materials, yet this information was not retained or utilized by appellant. Appellant has not attended Parenting Pathways since May, 2004.
 {¶ 45} The final concern of the Agency for appellant was that she insure that Monica's basic needs were met by maintaining safe and stable housing. Evidence showed that since Monica's birth, appellant has lost her HUD housing, has had her telephone service terminated and currently lives in a residence with no designated area for Monica.
 {¶ 46} Further, after what appears to be an extensive review of the case, the guardian ad litem concluded that Monica could not and should not be placed with either parent within a reasonable time. The GAL strongly recommended that permanent custody be granted to the Agency.
 {¶ 47} For the foregoing reasons, this court concludes that the trial court's finding that Monica cannot be placed with appellant within a reasonable time is supported by competent credible evidence. While appellant may have complied with some aspects of the case plan, appellant did not successfully complete the case plan or remedy the problems identified by the Agency. See In re: Swisher, Tuscarawas App. No. 2003 APO 40028, 2003-Ohio-3747.
 {¶ 48} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 49} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.
Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Timothy King has also appealed from the grant of permanent custody. See Fairfield County App. No. 05CA76.
[2] Groen did not contest the Agency's motion for permanent custody of those other three children. The general issues involved in that case were Groen's cognitive abilities, parenting skills and relationship choices.
[3] In the second psychological evaluation, appellant indicated that she was 15 years of age when the romantic relationship began. However, in the first psychological evaluation, appellant stated that she and Iser dated for about seven years before she moved in with him at age 18.
[4] Appellant testified that she is on a divorce waiting list at Legal Aid.
[5] Fairfield County Juvenile Court Case No. 2001-AB-141, 165, and 166.
[6] Fairfield County Juvenile Court Case No. 2001-AB-141, 165, and 166.